IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CV-200-FL

| | |
|---|---|
| CAPE FEAR RIVER WATCH, INC.; SIERRA CLUB; and WATERKEEPER ALLIANCE, ) ) ) ) | |
| Plaintiffs, ) ) ) | ORDER |
| v. ) ) ) | |
| DUKE ENERGY PROGRESS, INC., ) ) | |
| Defendant. ) | |

This case comes before the court on plaintiffs' motion for clarification (DE 42), now ripe for review. For the following reasons, plaintiffs' motion is granted.

BACKGROUND

On June 9, 2014, the court issued an order on defendant's motion to dismiss, among other matters. One of the central arguments, and thus a focus of the court's order, was whether waters of the United States, as defined in the Clean Water Act ("CWA"), includes groundwater. This court held that it does not.

However, as the court noted, the state of North Carolina can regulate groundwater when issuing permits pursuant to the National Pollutant Discharge Elimination System ("NPDES") permit program. The court concluded its analysis of the jurisdiction of the CWA, as follows: "[T]his court is satisfied that groundwater . . . does not fall within the meaning of the statute. [Footnote 12]. Therefore, plaintiffs' groundwater claims [Footnote 13] are dismissed for lack of subject matter

jurisdiction under the CWA." June 9, 2014, order at 20.

In defining plaintiff's "groundwater claims" in footnote 13, the court specified that "[t]he groundwater claims are all of Count III and parts of Count II that rely on discharges into groundwater as opposed to discharges into Sutton Lake. See Compl.¶¶ 78-92."

## DISCUSSION

The court recognizes that this portion of the order requires clarification because it appears to conflict with the ability of the state to regulate groundwater on its own by imposing NPDES permit conditions.

Thus, to clarify, the court does not dismiss claims that rely on the state's regulation of groundwater, but only claims that rely on the independent jurisdiction of the CWA. The court hereby amends its June 9, 2014, order to strike the concluding sentence of Section B.2.b., including the entirety of footnote 13, and replaces it with the following sentence: "Therefore, plaintiffs' claim(s) relying on the independent jurisdiction of the CWA over groundwater, as opposed to state law, are dismissed for lack of subject matter jurisdiction under the CWA."

## CONCLUSION

Based upon the foregoing, the court GRANTS plaintiff's motion for clarification (DE 47), and AMENDS its June 9, 2014, order as set forth above.

SO ORDERED, this the 1st day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Court Judge

2